**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SUSAN G. SWAN,                )
                                      )
                   Plaintiff,       )
       v.                       )         Case No. 06-4020-RDR
                                        )
CITY OF OTTAWA, and        )
JEFFREY P. DIEHL,            )
                                        )
                                        )
                 Defendant.    )

**<u>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO ADD ADDITIONAL PARTIES</u>**

This matter comes before the Court upon the motion of Plaintiff Susan G. Swan to Add Additional Parties (Doc. 12) and Plaintiff's Motion for Leave to Amend Complaint (Doc. 13). Specifically, plaintiff seeks to add Grace Swan and Emilee Swan, plaintiff's minor children, to this action and to assert new claims against defendants on behalf of these individuals. Defendants, City of Ottawa and Jeffrey P. Diehl, have filed a response to Plaintiff's Motions (Doc. 20). However, plaintiff did not file a reply and the time for doing so has expired. Therefore, the court deems this matter ripe for disposition.

**I.      Relevant Factual Background**

Plaintiff commenced this action in the Untied States District Court for the District of Kansas on February 15, 2006. In her complaint, plaintiff alleges a violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution and under the laws and statutes of the State of Kansas. Specifically, plaintiff alleges that on February 19, 2005, Jeffrey P. Diehl, a police officer with the City of Ottawa, came into her home without a warrant and

1

arrested her on allegations regarding telephone harassment, which is a Class A non-person misdemeanor.[1]  Plaintiff alleges that Officer Diehl caused her physical harm while arresting her and did so in the presence of her daughters, Emilee and Grace.  Plaintiff further alleges that defendants' actions have caused her severe physical, emotional, and mental harm.

Plaintiff now moves to join daughters Emilee and Grace as additional plaintiffs, alleging that Emilee and Grace have been severely emotionally and mentally harmed as a result of defendants' conduct.  Specifically, plaintiff wishes to join Emilee and Grace and assert claims for Invasion of Privacy and Intentional Infliction of Emotional Distress against defendants.

## II.    Parties Contentions

Plaintiff seeks to add Emilee Swan and Grace Swan as plaintiffs pursuant to Rule 19(a).[2]  Plaintiff asserts that if the court does not allow the addition of Emilee and Grace their absence "may impair or impede their ability to protect that interest."[3]  Plaintiff also argues in her motion that if the two are not allowed to join at this time they may not be able to receive damages for the injuries they suffered as a result of the events which are the subject of this claim.[4]

Defendants Jeffrey P. Diehl and the City of Ottawa oppose Swan's motions on the grounds that the amendment would be futile.[5]  Defendants contend that plaintiff's proposed Amended Complaint fails to state a claim upon which relief may be granted as to the claims

---

[1] K.S.A. 21- 4113.

[2] Plaintiff's Motion to Add Additional Parties (Doc. 12).

[3] *Id.*

[4]*Id.*

[5]Defendants' Response in Opposition to Plaintiff's Motion to Join Additional Parties and Motion for Leave to Amend Complaint (Doc. 20).

brought on behalf of Emilee and Grace and should therefore be denied.[6]

## III.    Discussion

As an initial matter, because plaintiff seeks to join additional parties and assert additional claims, the court must analyze plaintiff's motion under the rules for joinder of parties, supplemental jurisdiction pursuant to 28 U.S.C. §1367, and the rules for amendment of pleadings, respectively.

### A.    Whether joinder of Emilee Swan and Grace Swan as plaintiffs to this action is proper.

As an initial matter, while plaintiff moves to join her daughters Emilee and Grace Swan to this action pursuant to Fed. R. Civ. P. 19, the court finds that the more appropriate analysis is whether joinder of Emilee and Grace to this action is proper under Fed. R. Civ. P. 20, which governs permissive joinder of parties to an action.  Specifically, Fed. R. Civ. P. 20(a) states:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all persons will arise in the action.

Rule 20 thus sets out a two-part test for joinder: (1) Whether the claims against defendants arise out of the same transaction or occurrence; and (2) Whether there are common questions of law or fact to all defendants.

As to the first requirement, the court finds that plaintiff's original claims and the proposed claims asserted by Emilee and Grace clearly arise out of the same transaction or occurrence, as all the claims stem from Officer Diehl's arrest of the plaintiff in her home on February 19, 2005.  The alleged unlawful action by Officer Diehl gives rise to both the claims by

---

[6]*Id.*

plaintiff and Emilee and Grace's claims.  Therefore, the court finds that the first prong of the Rule 20 test is met.

As to the second requirement, the court finds that there will likely be common questions of law or fact as to all the claims asserted against the defendants.   As stated above, plaintiff Susan Swan, Officer Diehl, and plaintiff's daughters were all present and involved in the incident which occurred in plaintiff's home on February 19, 2005.  While there are likely to be elements which will have to be proven specific to each individual, the core set of facts will be the same for each plaintiff and each claim.  Therefore, the court finds that there will likely be common questions of fact as to the claims, such that the second prong of Rule 20 is met. Therefore, the court finds Emilee Swan and Grace Swan may be properly joined as plaintiffs under Rule 20.

> **B.    Whether supplemental jurisdiction exists over the proposed claims pursuant to 28 U.S.C. §1367.**

The court shall now evaluate whether the court would have subject matter jurisdiction over plaintiff's proposed additional claims.  While defendants in their response do not contend that subject matter jurisdiction is inappropriate, the court finds that an inquiry into subject matter jurisdiction is appropriate under the circumstances.

The court notes that plaintiff's proposed additional claims are not based upon federal law, nor are the parties in complete diversity.  Therefore, subject matter jurisdiction is not proper under 28 U.S.C. §1331 or 1332.   However, plaintiff asserts the claims are proper under the supplemental jurisdiction statute, 28 U.S.C. §1367(a).  28 U.S.C. §1367(a) provides:

> "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form

4

> part of the same case or controversy under Article III of the United States
> Constitution.  Such supplemental jurisdiction shall include claims that involve the
> joinder or intervention of additional parties."

Therefore, in order to determine if the proposed new claims qualify under supplemental jurisdiction, the court must consider if the new claims and the original claims form part of the same "case or controversy" as required by 28 U.S.C. §1367.  Upon careful consideration, the court finds that the new claims form part of the same case or controversy as the original claims. Supplemental jurisdiction should be found where the claims "derive from a common nucleus of operative fact."[7]   The court finds that plaintiff's proposed additional claims arise from the same common nucleus of operative fact as Susan Swan's claims – namely, the alleged unlawful arrest of Susan Swan by Officer Diehl.   Therefore, the court finds that the facts contained in plaintiff's original complaint form part of the same case or controversy as plaintiff's additional proposed claims on behalf of her daughters and supplemental jurisdiction appears to be appropriate pursuant to 28 U.S.C. §1367(a).

**C.      Whether amendment of pleadings is proper.**

The procedure for amending pleadings is controlled by Fed. R. Civ. P. 15(a), which states in pertinent part,

> "[a] party may amend the party's pleading once as a matter of course at any time
> before a responsive pleading is served...Otherwise, a party may amend the party's
> pleading only by leave of court or by written consent of the adverse party; and
> leave shall be freely given when justice so requires."[8]

---

[7] *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

[8] Fed. R. Civ. P. 15(a).

Plaintiff seeks to amend her complaint after the permissive period, and defendant has filed a response in opposition to plaintiff's motion (Doc. 20).  Thus, consent is not an issue. Therefore, the court must determine if leave to amend should be granted under the circumstances presented.

The decision to grant leave to amend after the permissive period lies within the discretion of the trial court.[9]  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment.[10]  Because defendants only oppose plaintiff's motions based on futility, the court will limit its analysis to that factor.

In regards to futility, if a proposed amendment could not withstand a motion to dismiss or fails to state a claim, the court may deny a motion to amend as futile.[11]  Dismissal is not appropriate, however, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief."[12]  In evaluating a motion to amend, the court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff.[13]  Finally, the court notes that "[e]stablishing futility of a proposed

---

[9] *Stewart v. Brd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003).

[10] *Id.*

[11] *Via Christi Reg'l Med. Ctr. v. Blue Cross and Blue Shield of Kan. Inc.*, No. 04-1253-WEB, 2006 U.S. Dist. LEXIS 20609 at * 8 (D. Kan. March 28, 2006)(citing *Ketchum v. Cruz*, 967 F.2d 916, 920 (10th Cir.1992)).

[12] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[13] *Pekarek v. Sunbeam Products,* No. 06-1026-WEB, 2006 U.S. Dist. LEXIS 30551 at *4 (D. Kan May 12, 2006) (citing *Weatherhead v. Globe International, Inc.*, 832 F.2d 1226, 1228

amendment is a difficult burden to meet."[14]

 Defendants contend that permitting the amendment at this time would be futile. Specifically, defendants argue plaintiff's motion to amend should be denied because plaintiff's proposed additional claims fail to state a claim upon which relief can be granted.  The court disagrees.  The court notes that, "[a] motion to dismiss for failure to state a claim is viewed with disfavor, and is rarely granted."[15]  Further, after reviewing plaintiff's proposed Amended Complaint, taking all facts as true and in a light most favorable to the plaintiff, the court finds plaintiff's proposed additional claims do not appear futile.  The new claims asserted in plaintiff's proposed Amended Complaint allege invasion of privacy by intrusion upon seclusion and the intentional infliction of emotional distress.  Under Kansas law, a claim for intentional infliction of emotional distress requires: "(1) the conduct of defendant must be intentional or in reckless disregard of plaintiff; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between defendant's conduct and plaintiff's mental distress; and (4) plaintiff's mental distress must be extreme and severe."[16]  The defendants contend that the Amended Complaint has not alleged any facts that could satisfy element (2) of the claim.  The court disagrees.  The court notes that defendants appear to base this contention upon the facts construed in a light most favorable to defendants, which is an impermissible basis upon which to evaluate the futility of a

---

(10th Cir. 1987)); *Via Christi Reg'l Med. Ctr. v. Blue Cross and Blue Shield of Kan. Inc.*, No. 04-1253-WEB, 2006 U.S. Dist. LEXIS 20609 at * 9 (D. Kan. March 28, 2006) (citing *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs. Inc.*, 175 F. 3d 848, 855 (10th Cir.1999)).

 [14] *Via Christi Reg'l Med. Ctr.*, 2006 U.S. Dist. LEXIS 20609 at * 10.

 [15] *Equimed, Inc. v. Genstler, M..D.*, 170 F.R.D. 175, 181 (D. Kan. 1996) (citing *Lone Star Industries, Inc. v. Horman Family Trust*, 960 F.2d 917, 920 (10th Cir.1992)).

 [16] *Roberts v. Saylor*, 230 Kan. 289, 292 (1981), 637 P. 2d 1175, 1179 (Kan. 1981).

proposed amendment.  Rather, the court must construe the facts in a light most favorable to plaintiffs.[17]  In doing so, the court finds sufficient allegations as to the intentional infliction of emotional distress claims and the court overrules defendants' objection to amendment on that basis.

Defendants also object to plaintiff's proposed claims for invasion of privacy for intrusion upon seclusion on the grounds of futility, contending that plaintiff cannot meet all the elements of these claims.  "As to invasion of privacy claims for intrusion upon seclusion, a defendant is liable if he or she intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another and the intrusion would be highly offensive to a reasonable person."[18]  As to the second element of this claim, defendants contend that the alleged conduct does not qualify "as conduct to which a reasonable person would strongly object."[19]  The court disagrees.  Once again, defendants for purposes of their objection appear to be construing the facts in a light most favorable to defendants.  The court may not resolve factual contentions in this manner when evaluating a motion to amend and must instead construe all facts in a light most favorable to the plaintiff.[20]   In doing so, the court once again finds that plaintiffs' proposed claims do not appear

---

[17] *See Pekarek v. Sunbeam Products,* No. 06-1026-WEB, 2006 U.S. Dist. LEXIS 30551 at *4 (D. Kan May 12, 2006) (citing *Weatherhead v. Globe International, Inc.*, 832 F.2d 1226, 1228 (10th Cir. 1987)).

[18] *King v. Metcalf 56 Homes Ass'n, Inc.*, 385 F.Supp. 2d 1137, 1145 (D. Kan. 2005).

[19] Defendants' Response in Opposition to Plaintiff's Motion to Join Additional Parties and Motion for Leave to Amend Complaint (Doc. 20) at 3.

[20] *See Pekarek v. Sunbeam Products,* No. 06-1026-WEB, 2006 U.S. Dist. LEXIS 30551 at *4 (D. Kan May 12, 2006) (citing *Weatherhead v. Globe International, Inc.*, 832 F.2d 1226, 1228 (10th Cir. 1987)).

futile at this juncture and the court overrules defendants' objection to amendment on that basis.

As a result of these findings, the court holds that plaintiff's motion to join additional parties and to amend her complaint is proper at this time, as the proposed amendments do not appear to be futile or otherwise improper under the Federal Rules of Civil Procedure. Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Add Additional Parties (Doc. 12) is hereby granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Amend Complaint (Doc. 13) is granted.  Counsel for plaintiffs shall file and serve their Amended Complaint within 7 days of entry of this order, on or before **August 23, 2006.**

**IT IS SO ORDERED.**

Dated this 16th day of August, 2006, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge